# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

WELLS FARGO BANK, N.A.                                                                PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:13-CV-00247-SA-DAS

JERRY WAYNE WORSHAM, JR.,
AMY WORSHAM, SOONER TRUSTEE SERVICE,
1513 STATE PARK ROAD TRUST,
ANY AND ALL PERSONS WITH AN INTEREST IN
THE REAL PROPERTY BEARING THE MUNICIPAL
ADDRESS OF 1513 STATE PARK ROAD,
MOOREVILLE, MISSISSIPPI                                                              DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion to Remand [4]. Upon due consideration of the motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff Wells Fargo Bank, N.A. filed an action to quiet and confirm title and ratify foreclosure sale in the Chancery Court of Lee County, Mississippi on March 11, 2013. Thereafter, on December 30, 2013, Defendants Jerry Wayne Worsham, Jr. and Amy Worsham ("Worshams"), proceeding *pro se*, filed a Notice of Removal [1] of this action from state court on the basis of diversity jurisdiction. Plaintiff has filed a Motion to Remand [4], contending that removal of this matter is not available on the basis of diversity of citizenship and that removal was untimely. Additionally, Plaintiff argues that the Worshams had no "objectively reasonable basis for seeking removal" and therefore requests that this Court award it costs and fees incurred in responding to removal.

*Standard*

Federal courts are courts of limited jurisdiction. Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (internal citations omitted). Moreover, the Fifth Circuit has held that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

*Analysis and Discussion*

The Worshams state in their Notice of Removal [1] that "[d]iversity of citizenship exists because Plaintiff is not a citizen of Mississippi." However, the Worshams further state that they "are citizens of Mississippi where the action is pending." Thus, pursuant to 28 U.S.C. § 1441(b)(2), it is clear that this Court lacks subject matter jurisdiction and this matter must be remanded.[1]

The Notice of Removal is also defective in that Jerry Worsham was served with process in March 2013 but did not file his Notice of Removal until December 2013, well over the thirty days allowed by statute. See 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").[2]

Plaintiff requests that the Court award costs and fees incurred in responding to the Notice of Removal. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, the Fifth Circuit has held that "[t]here is no automatic entitlement to an award of attorney's fees." Am. Airlines, Inc. v. Sabre, Inc., 694 F.3d 539, 541-42 (5th Cir. 2012)

---

[1] The Worshams do not invoke federal question jurisdiction under 28 U.S.C. § 1331 in their Notice of Removal and Plaintiff's state court complaint raises no issue of federal law. See Hart v. Bayer Corp., 199 F.3d 239, 244 (5th Cir. 2000) ("[T]he plaintiff's properly pleaded complaint governs the jurisdictional inquiry. If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking.") (citation omitted). However, the Worshams contend in both their Notice of Removal and in their response to Plaintiff's Motion to Remand that they are "being denied due process of the law in state court." Nevertheless, neither an answer nor a counterclaim can establish federal question jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002). Accordingly, the Court finds that it does not have federal question jurisdiction over this matter.

[2] The Court additionally notes that Defendants Sooner Trustee Service and 1513 State Park Road Trust have not joined or consented in writing to the removal. See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). However, the Worshams state in their Notice of Removal that "on information and belief, no other co-Defendants have been served." Plaintiff does not address the requirements of § 1446(b)(2)(A) or the other named Defendants in its Motion to Remand. Thus, the Court will not consider the absence of these Defendants in ruling on Plaintiff's motion.

(quoting Valdes v. Wal–Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000) (holding that the "mere determination that removal was improper" does not require a district court to award attorney's fees)). Further, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Further,.

The Supreme Court has held that "[t]he appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin, 546 U.S. at 133, 126 S. Ct. 704. Thus, as the Fifth Circuit has recognized, "[i]n that regard, § 1447(c) fee awards are cost recoupments, hence punitive in policy only." Am. Airlines, Inc., 694 F.3d at 542.

In response to Plaintiff's Motion to Remand, the Worshams offer no explanation for the delay in filing their Notice of Removal nor do they address Plaintiff's argument regarding their status as forum-defendants under 28 U.S.C. § 1441(b)(2). Whereas removal of this matter on the basis of diversity jurisdiction is clearly precluded by statute and the Worshams failed to comply with the statutory requirements regarding timeliness of removal, the Court finds the Worshams lacked any objectively reasonable basis for seeking removal and the award of costs and fees, including attorney fees, is justified.

*Conclusion*

For the foregoing reasons, the Court finds removal of this matter is not available on the basis of diversity jurisdiction. Further, the Worshams had no objectively reasonable basis for removing this matter, and therefore, Plaintiff is entitled to its just costs and actual expenses, including attorney fees, incurred as a result of removal.

Accordingly, Plaintiff's Motion to Remand [4] is GRANTED and this matter is hereby REMANDED to the Chancery Court of Lee County, Mississippi. Additionally, Plaintiff's request for costs and expenses is GRANTED. Plaintiff shall file the appropriate documentation with this Court no later than April 21, 2014, containing an itemized accounting of its just costs and actual expenses, including attorney fees, incurred as a result of the removal of this action. Because the Worshams are proceeding *pro se*, they shall have until May 5, 2014 to file any objections as to specific itemized costs or amounts requested. If Plaintiff fails to file its documentation within the time allotted, its request for just costs and actual expenses, including attorney fees, will be deemed waived.[3]

A separate order to that effect shall issue this day.

SO ORDERED on this, the 14th day of April, 2014.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[3] "[A] district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified." Coward v. AC & S., Inc., 91 F. App'x 919, 922 (5th Cir. 2004); see also Weaver v. Zurich Ins. Co., 2011 WL 4007883, at *4 (S.D. Tex. Sept. 7, 2011); Hines v. Plane Paint, Inc., 430 F. Supp. 2d 598, 605 (S.D. Miss. 2005).