# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

WELLS FARGO BANK, N.A.                                                                                    PLAINTIFF

V.                                                                           CIVIL ACTION NO. 1:13-CV-00247-SA-DAS

JERRY WAYNE WORSHAM, JR.,
AMY WORSHAM, SOONER TRUSTEE SERVICE,
1513 STATE PARK ROAD TRUST,
ANY AND ALL PERSONS WITH AN INTEREST IN
THE REAL PROPERTY BEARING THE MUNICIPAL
ADDRESS OF 1513 STATE PARK ROAD,
MOOREVILLE, MISSISSIPPI                                                                                  DEFENDANTS

## ORDER ON COSTS

Before the Court is Defendants' Objections to Plaintiff's Request for Bill of Costs and Attorneys Fees [14]. Upon consideration of the Bill of Costs, Objections, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff Wells Fargo Bank, N.A. filed an action to quiet and confirm title and ratify foreclosure sale in the Chancery Court of Lee County, Mississippi on March 11, 2013. Thereafter, on December 30, 2013, Defendants Jerry Wayne Worsham, Jr. and Amy Worsham ("Worshams"), proceeding *pro se*, filed a Notice of Removal [1] from state court based on diversity jurisdiction. On April 14, 2014, the Court granted Plaintiff's Motion to Remand [4] for lack of federal diversity jurisdiction. In addition, the Court found that the Worshams had no "objectively reasonable basis for seeking removal" and granted Plaintiff's request for costs and fees. In its Order [10] remanding the case, the Court ordered Plaintiff to provide appropriate documentation, including an itemized accounting of its just costs and actual expenses incurred as a result of removal of this action. On April 21, 2014, Plaintiff filed its Bill of Costs and Statement of Attorney Fees [12], to which the Worshams timely objected.

*Standard*

Upon removal from state court, a plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Pursuant to § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Further, the Fifth Circuit has held that "a district court is not divested of jurisdiction to award attorney's fees and costs pursuant to § 1447(c) after a remand has been certified." Coward v AC & S, Inc., 91 F. App'x 919, 922 (5th Cir. 2004).

Once a court has determined that an award of attorney's fees is warranted, it must determine what amount is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). "The linchpin of the reasonable fee is the lodestar calculation, a product of the hours reasonably expended by the law firms and the reasonable hourly rate for their services." McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011) (citing Hensley, 461 U.S. at 433, 103 S. Ct. 1933); see also Sees v. Fagen, 2002 WL 460233, at *2 (N.D. Tex. Mar. 22, 2002) (using the lodestar method to calculate attorney's fees in the context of improper removal). "Charges for excessive, duplicative, or inadequately documented work must be excluded." McClain, 649 F.3d at 381 (citing Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993)). Further, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," and "a district court may reduce the number of hours awarded if the documentation is *vague* or *incomplete*." Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995) (quotation marks and citations omitted).

*Analysis and Discussion*

In the case at bar, Plaintiff states that its costs and fees incurred as a result of Defendants' improper removal are outlined in an affidavit attached as an exhibit to its Bill of Costs.[1] However, the attached affidavit states only, "From January 2014 through March 2014, [Plaintiff's counsel] . . . incurred time relating to Defendant's removal and preparation of the Plaintiff's Motion to Remand [ECF No. 4]. As of April 16, 2014, we have incurred $1,223.60 in attorney's fees." As emphasized in the Worsham's Objections to Bill of Costs [14], Plaintiff has not provided the Court with any itemization of hours expended or costs incurred as a result of the removal of this action. Whereas Plaintiff has not provided an itemization of costs and expenses as ordered by the Court, nor provided any evidence of the number of hours expended or the reasonableness of the rate charged, the Court has no basis upon which to judge the reasonableness of the award requested. See Coward, 91 F. App'x at 924-25. Accordingly, the Court finds Plaintiff has failed to meet its burden and hereby sustains Defendants' Objections.

*Conclusion*

For the foregoing reasons, the Court finds that Plaintiff's requested costs and attorney's fees are not properly supported, and thus, Defendants' Objections [14] is sustained.

SO ORDERED on this, the 19th day of June, 2014.

    /s/ Sharion Aycock_____
    **UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that, regardless of the title used by Plaintiff, this document is not a bill of taxable costs in accordance with Federal Rule of Civil Procedure 54(d)(1). Rather, Plaintiff's purported Bill of Costs was filed pursuant to the Court's Order [10] requiring Plaintiff to file an itemized accounting of its just costs and actual expenses, including attorney's fees, incurred as a result of the removal of this action. As such, Plaintiff's Bill of Costs is more properly understood to be documentation filed in support of its request for an award of costs and fees under 28 U.S.C. § 1447(c). While the Court, in its prior Order [10], found that Plaintiff was entitled to costs and attorney's fees incurred as a result of removal, it specifically made such an award contingent upon Plaintiff's compliance with the Court's order to timely file the appropriate documentation.